# UNITED STATES DISTRICT COURT
### for the
### Southern District of Indiana

| | |
|---|---|
| United States of America<br>v.<br>ONKHAR SINGH,<br><br>Defendant(s) | Case No.<br>1:23-mj-0124-TAB |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __February 10, 2023__ in the county of __Marion__ in the __Southern__ District of __Indiana__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C 841(a)(1) | Possession with the Intent to Distribute 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine |

This criminal complaint is based on these facts:

See attached Affidavit.

☑ Continued on the attached sheet.

/s/ Erik Collins
*Complainant's signature*

Erik Collins, SA, DEA
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by __telephone__ *(reliable electronic means)*

Date: 2/13/2023

City and state: Indianapolis, IN

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

**AFFIDAVIT IN SUPPORT OF COMPLAINT**

I, Erik Collins, being duly sworn under oath, state as follows:

**Affiant Background and Purpose of Affidavit**

1. I am a "federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C), that is, a government agent engaged in enforcing the criminal laws and duly authorized by the Attorney General to request a search warrant. I am qualified as a federal officer as defined in Title 18, United States Code, 2510(7). I have been employed by the Drug Enforcement Administration (DEA) since 2011. I am currently a Special Agent with the DEA Indianapolis District Office, Indianapolis, Indiana, and have been so assigned since June of 2017.

2. In connection with my official DEA duties, I investigate criminal violations of state and federal controlled substances laws, including, but not limited to, Title 21, United States Code, Sections 841, 843, 846 and 848, as well as Sections 952, 960 and 963. I have received special training in the enforcement of laws concerning controlled substances as found in Title 21 of the United States Code. I have been involved in various types of electronic surveillance and in the debriefing of defendants, witnesses and informants, as well as others who have knowledge of the distribution and transportation of controlled substances, and the laundering and concealing of proceeds from drug trafficking, in violation of Title 18, United States Code Sections, 1956 and 1957. I have received training in investigations involving the interception of wire and electronic communications. I am familiar with the ways in which drug traffickers conduct their business, including, but not limited to, their methods of importing and distributing controlled substances and their use of telephones and code language to conduct their transactions.

3. This affidavit is submitted in support of a criminal complaint charging Onkar SINGH

with Possession with the Intent to Distribute 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841 (a)(1).

4. The statements contained in this Affidavit are based in part on my direct involvement in this investigation; on my experience and background as a Special Agent of the DEA; on information provided by and conversations held with other law enforcement officers, including Special Agents/Task Force Officers of the DEA, officers of the Indiana State Police (ISP), other law enforcement officers, and others described below; and on a review of reports and database records. I have not included each and every fact that has been revealed through the course of this investigation. I have set forth only the facts that sufficient to establish probable cause for the issuance of the Complaint and associated arrest warrant.

## Facts and Circumstances

5. In August 2020, a DEA credible and reliable confidential source spoke with SINGH about the transportation of kilograms of cocaine. During the conversation, SINGH stated he transports between 150 to 400 kilograms of cocaine every other week from California to various cities in the Midwest. SINGH described his method and manner of smuggling cocaine through the use of his tractor trailer. SINGH offered to transport kilograms for the confidential source and stated he would be leaving at the end of the week with a load of cocaine.

6. On August 21, 2020, DEA surveillance officers in Southern California were conducting surveillance of SINGH. During the course of the surveillance, surveillance units followed SINGH from his residence in Bakersfield, CA to a Home Depot parking lot in Pomona, CA, where SINGH was observed transferring five boxes from the trunk of his car to a Hispanic male, later identified as Chrystian Barraza-Navarette. Investigators followed Barraza- Navarette to an industrial complex where DEA investigators approached Barraza- Navarette and detained him for

2

questioning. A subsequent search of the vehicle resulted in the seizure of approximately 120 kilograms of suspected cocaine in the five boxes that were found in Barraza-Navarette's vehicle. Barraza-Navarette was arrested and charged.

7. On August 21, 2020, after the seizure from Barraza-Navarette's vehicle, investigators went to SINGH's residence and detained him for questioning. SINGH denied having any knowledge regarding the arrest of Barraza-Navarette and the seizure of the 120 kilograms of cocaine. SINGH denied meeting with anyone and denied handling any boxes. SINGH was released with no charges, however DEA California are still seeking state charges on this event.

8. On February 10, 2023, Indiana State Police (ISP) Trooper Brad Smith conducted a traffic stop of an orange colored tractor trailer, US Department of Transportation #3104347[1], bearing California license plate YP28412 registered to Faith Xpress Inc., 5700 Glen Rose Avenue, Bakersfield, California for a commercial motor vehicle compliance inspection.[2] The truck was running bobtail, without a trailer, which is unusual to see especially multiple states away. Trooper Smith also observed the tractor trailer changing from the center lane to the right lane without a turn signal. The traffic stop was conducted on Interstate 70 east, near mile marker 94 in Marion County, Indiana. Trooper Smith identified SINGH through his California driver's license as the driver and sole occupant. The residence address on SINGH's driver's license matched the address of the truck's registration, 5700 Glen Rose Avenue, Bakersfield, California. This address was also the same address that DEA California observed and interviewed SINGH at in August 2020 as discussed above. A review of Faith Express Inc., on the California Secretary of State website shows SINGH as the individual agent of the company.

9. During the initial interview, SINGH stated that he dropped a trailer full of citrus in

---

[1] The query of this Department of Transportation number shows it as a one tractor/one driver corporation.
[2] On August 25, 2022, Onkar SINGH was stopped in New Mexico in the same exact tractor trailer for a Level II commercial vehicle inspection.

Indianapolis that he had brought from Bakersfield, California. SINGH stated that the citrus was destined to go to Yorktown, Indiana. SINGH also said he was running bobtail to Fort Wayne, IN to pick up another trailer. SINGH could not explain why he was on I-70 rather than I-69. Trooper Smith asked him if he had anything illegal in the truck. Trooper Smith specifically asked about guns, drugs, or large sums of cash. SINGH answered "no" to all, but there was an audible change in his voice when he answered about drugs.

10. During the course of the stop, SINGH granted verbal consent to search the cab of the tractor trailer. Prior to a search of the cab, an ISP K9 responded to the scene to conduct an open air sniff of the tractor trailer. The K9 gave a positive indication for the odor of narcotics emitting from the tractor trailer.

11. During a subsequent search of the tractor trailer cabin, troopers located a total of five black knotted trash bags within the cabin. One of the trash bags was located in a closet directly behind the driver's seat, with what appeared to be SINGH's personal bag of items on top of it. The other four trash bags were underneath the cabin's bed. Inside the trash bags were a total of 70 individual, kilogram, brick shaped packages. Investigators later randomly field tested six of the kilogram packages which all were positive for cocaine. Troopers also located various paperwork in SINGH's name throughout the tractor trailer, as well as SINGH's personal medication in the cabin area.

12. Investigators conducted a brief audio/video recorded post-Miranda interview with SINGH. SINGH openly discussed his travel plans but when asked about the drugs located inside his tractor trailer SINGH's repeatedly responded, "I don't know." Specifically, SINGH was asked, "Where were the drugs going?" SINGH answered, "I don't know" and "I don't know how they got there." When asked if he was going to give them to someone in Fort Wayne he responded, "I

don't know." When asked if SINGH drove all the way from California with the drugs, SINGH responded, "No." SINGH then requested a lawyer and the interview was terminated. SINGH was transported to the Marion County jail on state charges.

13. The above-described investigation took place within the Southern District of Indiana, Indianapolis Division.

14. Based on DEA SA Collins' training and experience, the amount of cocaine is consistent with the possession with the intent to distribute a mixture or substance containing a detectable amount of cocaine.

## Conclusion and Request

15. Based upon my training and experience and the facts set forth herein, I respectfully submit that there is probable cause to believe that, on February 10, 2023, in the Southern District of Indiana, SINGH committed the offense of Possession with the Intent to Distribute 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841 (a)(1). Accordingly, I request the Court issue a criminal complaint charging SINGH with this offense and issue a warrant for his arrest.

/s/ Erik Collins_____
Erik Collins, Special Agent
Drug Enforcement Administration

Subscribed and sworn to me, pursuant to Federal Rules of Criminal Procedure 4.1 and 41(d)(3), by reliable electronic means.

Date: 2/13/2023

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

6